CENTER FOR DISABILITY ACCESS
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Christopher Seabock, SBN 279640
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

FILED
CLERK, U.S. DISTRICT COURT
FEB - 6 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                       DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Daniel Lopez,

    Plaintiff,

v.

Changsoo Kim;
Suk Joo Kim; and Does 1-10,

    Defendants.

Case No. CV14-0945 MWF-FFMx

**Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act; Negligence

Plaintiff Daniel Lopez complains of Defendants Changsoo Kim; Suk Joo Kim; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He is a paraplegic who uses a wheelchair for mobility.

2. Defendants Changsoo Kim and Suk Joo Kim owned and operated Coco's Discount store ("Store") located at or about 3301 South Central Avenue, Los Angeles, California, in August of 2013, and currently own and operate the

1

Complaint



Store.

3. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

5. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

7. The Plaintiff went to the Store in August of 2013 to get his kids school supplies.

Complaint

8. The Store is a facility open to the public, a place of public accommodation, and a business establishment.

9. Paths of travel are one of the facilities, privileges and advantages offered by defendants to their customers at the Store.

10. Unfortunately, defendants do not have a handicap-accessible sales floor for use by customers in wheelchairs. Indeed, defendants have a turnstile that prevents plaintiff from gaining access to the sales floor.

11. To the right side of the turnstile, there is a small gap but that path of travel is less than 36 inches in width. As such, plaintiff is unable to gain access to the sales floor using that pathway either.

12. The plaintiff personally encountered this problem. These inaccessible conditions denied the plaintiff full and equal access and caused him difficulty.

13. Additionally, on information and believe, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

14. On information and belief, plaintiff also alleges that the sales floor is not accessible to wheelchair users because of moveable obstructions that are located in the aisles. Plaintiff did not personally encounter this barrier but moveable objects, such as merchandise bins and ad displays, located in the store will prevent wheelchair users from being able to move about the sales floor without impediments.

15. Plaintiff would like to return and patronize the Store but will be denied full and equal access until the defendants provide accessible facilities.

Complaint

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

16. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

17. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by

Complaint

individuals with disabilities. 42 U.S.C. § 12183(a)(2).

18. Pursuant to 28 C.F.R., Part 36, Appendix D, section 4.3.3, and 36 C.F.R., Part 1191, Appendix D, section 403.5.1, the minimum clear width of an accessible route shall be 36 inches.

19. In our case, the path of travel, through the turnstile, is 16 inches, which is narrower than that allowed by law.

20. Additionally, other parts of the sales floor narrow to levels below 36 inches in width, which is a violation of the law.

21. Because defendants have no policy in place, moveable obstructions are allowed to block paths of travel in a variety of locations throughout the Store. This is a violation of the law.

22. The Defendants are persons who own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to ensure that persons with disabilities are not discriminated against and, additionally, have specific duties to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"); and/or (2) remove all existing barriers where such removal is "readily achievable," and/or (3) to provide alternatives to barrier removal. The Defendants have failed to meet these obligations.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

23. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

24. Because the defendants violated the plaintiffs' rights under the ADA,

they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

25. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

## III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of plaintiffs and against all defendants) (Cal Civ.§ 54-54.8)

26. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

27. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Disabled Persons Act and are liable for damages. (Civ. Code § 54.1(d), 54.3(a).)

28. Because the violation of the Disabled Persons Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

## IV. FOURTH CAUSE OF ACTION: NEGLIGENCE (On behalf of plaintiff and against all defendants)

29. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

30. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and

6

Complaint

California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiffs. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiffs are not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: December 19, 2013                CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

Complaint